AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>All contents of Firstrade Account #91293288 totaling approximately $879,792.00 in U.S. Currency | ) ) ) Case No.  6:23-cr-00031-KFM ) ) |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ____South Carolina____ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___981,982___ *(describe the property)*:

All contents of Firstrade Account #91293288 totaling approximately $879,792.00 in U.S. Currency

The application is based on these facts:

The funds remaining in the account are direct proceeds of a wire fraud scheme.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Special Agent Joseph Lea
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1/3/23__

_____
*Judge's signature*

City and state: Greenville, SC

US Magistrate Judge Kevin F. McDonald
*Printed name and title*

## AFFIDAVIT

I, JOSEPH J. LEA, being duly sworn, declare and state as follows:

### I. INTRODUCTION

1. I am a Special Agent ("SA") with United States Secret Service ("USSS") and have been so employed since August 2009. I am currently assigned to the Greenville Residence Office and primarily investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud and money laundering. Prior to becoming an SA with USSS, I was employed as police officer and detective since 2004, where I conducted numerous investigations of fraud schemes. I have received both formal and informal training from USSS and other institutions regarding cyber- and financial-related investigations, embezzlement, and fraud.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):
Any and all United States Currency in the suspects Firstrade Account #91293288 (the "Subject Account"), and under the account holder Sharon Free (FREE). The current estimated value of the account is $879,548.00 USD.

3. As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one of more violations of 18 U.S.C. §§ 1343, 1344 (Wire Fraud/ Bank Fraud) or a conspiracy to commit the same, (the "Subject Offenses"), committed by unknown individual/s and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

4. In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 982, 981 and 21 U.S.C. § 853(f) because the property would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture, and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government=s custody once the warrant is served.

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of, or investigation into, this matter.

6. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and amounts are approximations.

### III. SUMMARY OF PROBABLE CAUSE

7. USSS and local law enforcement agencies are investigating an unknown individual, or group of individuals who have conducted an account takeover of a Fidelity Brokerage Services, account belonging to the victim S.F. beginning on or before January 9, 2022. Numerous Automated Customer Account Transfer Service (ACATS) transactions occurred between January 9, 2022 through September 20, 2022, resulting in a loss to the victim in the amount of approximately $1,193,749.00.

8. As set forth below, the Subject Account was used by the suspect to receive the proceeds of the above-described scheme. Finally, investigating agents believe that the Subject Account was used to receive the deposited funds that were obtained through fraud. Therefore, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture by the United States.

### IV. STATEMENT OF PROBABLE CAUSE

9. Based on witness interviews, documents obtained from third parties, reports of interviews conducted by other law enforcement officers, conversations with other law enforcement officers, and publicly filed documents, I know the following:

**A.    Background on Account Takeovers**

10. Often times when account information is obtained through various hacks, leaks, or social engineering, bad actors use similar Internet Protocol (IP) Addresses, spoofed phone numbers, and false identities to take over the account of the victim. Once they have access, they often conduct a series of transfers out of the account to other accounts held using the same identifiers of the false identity.

11.  It is still yet to be determined the exact nature of how the fund transfers were initiated, but based on the current investigative evidence, the Internet Protocol Addresses (IP's) appear to indicate a common account take over and the transfers were initiated through the use of the victim's account credentials and personal identifiers. The victim, S.F. has indicated that no funds were authorized to be transferred from the initial Fidelity account, nor did she open any other account at Schwab, APEX Clearing, Firstrade, or any other.

**B.  Theft from S.F.**

12.  After an apparent account takeover of S.F.'s Fidelity Account, Numerous Automated Customer Account Transfer Service (ACATS) transactions occurred between January 9, 2022 through September 20, 2022 resulting in a loss to the victim in the amount of approximately $1,193,749.00.

a.  The transactions are detailed below.

ACATS TOA Transactions out: (similar to ACH transfers)

Date:           Amount:         Destination:
                                Account:

```
01/24/2022    $20,000.00    Charles Schwab & Company    70683157
01/25/2022    $20,000.00    Charles Schwab & Company    70683157
02/04/2022    $25,000.00    APEX Clearing               6MB05346
02/07/2022    $25,000.00    APEX Clearing               6MB05346
03/14/2022    $40,000.00    APEX Clearing               87761763
```
This transfer was rejected by FBS prior to processing.
```
03/23/2022    $40,000.00    APEX Clearing               91293288
03/24/2022    $40,000.00    APEX Clearing               91293288
06/15/2022    $25,000.00 (cash) and 6,205.00 (Shares) APEX Clearing 91293288
06/17/2022    $25,000.00 (cash) and 6,205.616 (Shares) APEX Clearing 91293288
```

4

```
08/17/2022 5,904.307 (shares)    APEX Clearing          91293288
08/19/2022 5,904.307 (shares) APEX Clearing             91293288
```

Account 221-212689 was restricted by FBS on 09/27/2022.
Returned:
10/13/2022 $5,999.35 (cash), 30 shares of Amazon, 27 shares of Apple, 18 shares of Nvidia Corporation and 15 shares of Tesla Inc from APEX Clearing Corporation account number 6MB05346.
On 10/14/2022 $20,001.31 (cash), from Charles Schwab & Company Inc account number 70683157.

13. Once the funds were transferred out of the Fidelity account, they were sent to both Charles Schwab & Company, and APEX Clearing Corporation, which then funneled the funds and shares to other corporations such as Firstrade Securities, Inc. It is still yet to be determined the exact nature of how the fund transfers were initiated, but based on the current investigative evidence, the Internet Protocol Addresses (IP's) appear to indicate a common account take over and the transfers were initiated through the use of the victims account credentials and personal identifiers. The victim, S.F. has indicated that no funds were authorized to be transferred from the initial Fidelity account, nor did she open any other account at Schwab, APEX Clearing, Firstrade, or any other.

C.  **Suspect Account / Subject Funds**

14. On December 15, 2022, I reviewed the opening documents for the Firstrade Account #91293288, Subject Account. The account was opened online on March 03, 2022, utilizing the purported identity of victim S.F. using her name, and social security number. A close examination revealed that the date of birth provided was one day off from S.F. and the phone number provided also, was not that of S.F. The

5

I.P. address used to initiate the account is from this region of South Carolina, but not that of the victim or victim residence.

15. Firstrade required the account opener to provide a photo of their driver's license, and a selfie photograph holding that license. A review of those documents provided by Firstrade, show an individual who is not the victim, S.F. Furthermore, the driver's license shows signs of being fictitious. A check with SCDMV revealed that the driver's license number is not that of the victim and in fact is not a valid number at all. This indicates that the Firstrade Account #91293288 was opened through means of Identity Theft and Wire Fraud.

16. A subsequent review of the information provided by Firstrade indicates that the phone calls received from the purported account holder are not S.F. and was not someone familiar with the actual activities within the account. It is also clear that more than one individual has called into Firstrade purporting to be S.F.

17. Based on my own investigation, records provided by Firstrade, and my training and experience, I believe the Subject Account was used by unknown individuals to receive proceeds of an identity theft and wire fraud scheme. Therefore, there is probable cause the Subject Account was used in the commission of the Subject Offenses, contains proceeds of the Subject Offenses, and is subject to seizure and forfeiture.

**V.   CONCLUSION**

14. Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to

6

18 U.S.C. §§ 981(b), 982 and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343, 1344), and § 982 (criminal forfeiture).

15. This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

Joseph J. Lea
Special Agent

Subscribed to and sworn this 3rd day of January, 2023.

THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE